# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

517 East Wisconsin
Suite 182
Milwaukee, Wisconsin 53202

Telephone 414-221-9900
Facsimile 414-221-9901

September 11, 2020

Hon. Pamela Pepper
United States District Court
for Eastern District of Wisconsin
517 E. Wisconsin Avenue
Milwaukee, WI 53202

RE: *United States v. Charles B. Moore*
Case No. 19CR225 (PP)

Dear Judge Pepper,

As the Court knows, this case involves a joint sentencing agreement under Fed. R. Crim. P. 11(c)(1)(C). That plea agreement, which the Court accepted, called for a sentence of 10 years to run concurrent to the sentence Moore is serving in California. Sentencing was originally scheduled for April 3, 2020. Due to the COVID-19 pandemic, the hearing was adjourned, and is now set for Monday September 14, 2020.

Under 18 U.S.C. § 3585(b), a defendant is not entitled to credit for time spent in custody prior to sentencing that has been credited against another sentence. Because Moore is serving a sentence, he will not start receiving credit towards his federal sentence until the Court imposes sentence. Here, that means that the delay caused by the COVID-19 pandemic would actually deprive Mr. Moore of more than five months of credit that the parties contemplated in reaching this agreement.

As a result, the parties agree that the Court should adjust the sentence so that Moore receives credit for that time that the BOP won't otherwise credit. The Court's authority to do so is in *United States v. Campbell*, 617 F. 3d 958 (7th Cir. 2010) and U.S.S.G. § 5G1.3(b). In *Campbell*, the Seventh Circuit explicitly authorized sentencing courts to adjust federal sentences below mandatory minimum sentences "so long as a defendant's total period of incarceration, state and federal combined, equals or exceeds the statutory minimum."

Specifically, to ensure the defendant serves the sentence the parties intended, the parties propose that the language in the judgment read as follows:

> The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of One Hundred Fourteen (114) months and Twenty (20) days as to Count One of the Information.
>
> In accordance with the provisions found in U.S.S.G. § 5G1.3(b), the sentence imposed by the Court reflects a downward adjustment of Five (5) months and Ten (10) days from the One Hundred Twenty (120) month sentence the Court would otherwise have imposed to ensure that the defendant receives a credit of Five (5) months and Ten (10) days toward his federal sentence that the Bureau of Prisons would not have otherwise credited under 18 U.S.C. § 3585(b).

Moore makes a couple other requests. First, he asks that the Court recommend that he be allowed to serve the balance of his California sentence in the Bureau of Prisons. We understand that the Court cannot order that to happen, but hopefully the Court's recommendation will help. Allowing Mr. Moore to serve the balance of his time in the BOP will save money associated with unnecessarily transporting him to California and then back to the Bureau of Prisons (hopefully) in the upper Midwest. It will also protect Mr. Moore from the risks of traveling through jails across the country as the COVID-19 pandemic continues to rage.

Second, Mr. Moore requests that the Court recommend that Moore be placed at a facility as close to the district as possible.

Finally, consistent with ¶¶ 72-74 of his PSR, Mr. Moore asks that Court recommend he participate in the Bureau of Prisons 500-hour drug treatment program known as RDAP.

Sincerely,

*s/Joshua D. Uller*_____
Joshua D. Uller

JDU/lc